

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 8, 2023

**BY ECF**

The Honorable Lorna G. Schofield
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Miguel Franco*, 22 Cr. 374 (LGS)

Dear Judge Schofield:

  The Government writes in response to the Court's order of August 4, 2023, directing the Government to file a letter identifying (i) the specifications it intends to pursue at the supervised release revocation hearing in the above-captioned matter; (ii) the Government's expected witnesses and estimated duration of their direct testimony; and (iii) law supporting that a revocation hearing in late September is within a "reasonable time" as required by Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure. (Dkt. No. 16).

  The Government presently intends to pursue Specifications 2 (oxycodone use); 3 (oxymorphone use); 4 (cocaine use); 8 (failure to report to the Probation Office as directed); and 11 (failure to appear before the Court as ordered by a summons); 12 (assault in the second degree); 13 (assault in the third degree); 14 (aggravated trafficking of fentanyl powder); and 15 (aggravated trafficking of cocaine) of the Probation Office's July 27, 2023 amended violation report (the "Amended Report").

  The Government presently expects to call four witnesses, identified in the following chart along with the estimated lengths of their testimony and the relevant specifications.

| Witness | Specifications | Estimated testimony length |
|---|---|---|
| U.S. Probation Officer Matthew Omlor | 2-4, 8, 11-13 | 1 hour |
| One of the Deputy U.S. Marshals on duty on June 28, 2023 (TBD) | 12 and 13 | 30 minutes |
| Supervisory Deputy U.S. Marshal Louis Zeppetelli | 12 and 13 | 30 minutes |
| Special Agent Nelson Feero, Jr., Maine Drug Enforcement Agency | 14 and 15 | 1.5 hours |

Honorable Lorna G. Schofield
August 8, 2023
Page 2 of 3

      Here, scheduling a revocation hearing for late September is reasonable. The initial August hearing dates were proposed before the Amended Report added two drug trafficking specifications. The Government needs the additional time to collect, review, and produce discovery from law enforcement agents in Maine, and to develop the evidence it intends to present at the hearing.

      The requested hearing dates of September 20, 21, 22, 25, and 26, 2023, fall less than two months after the issuance of the Amended Report, and less than three months after the supervisee was taken into custody on the original violation report. This is "within a reasonable time" as required by Rule 32.1(b)(2). The advisory committee notes to Rule 32.1 indicate that "what constitutes a reasonable time must be determined on the facts of the particular case." Fed R. Crim P. 32.1, Advisory Committee Notes, 1979 Addition. The Second Circuit has observed that even "substantial delays" can be "reasonable in the context of revocation hearings." *United States v. Jetter*, 577 F. App'x 5, 7 (2d Cir. 2014) (affirming sentence despite 34-month delay between presentment on violation petition and final revocation hearing where supervisee was not prejudiced). Indeed, courts have frequently found revocation hearings scheduled many months after a supervisee's arrest to be "within a reasonable time" under Rule 32.1. *See United States v. Hamilton*, No. 21-2950, 2022 WL 3273805, at *1 (3d Cir. Aug. 11, 2022) (revocation hearing held 72 days after filing of the violation report was within a reasonable time); *United States v. Arellano*, 645 F. App'x 235, 236 (4th Cir. 2016) (three-and-a-half-month delay between federal arrest and revocation hearing not unreasonable); *United States v. Fox*, 2019 WL 3822118, at *2 (D. Ariz. Aug. 15, 2019) (four-month delay between supervisee's initial appearance and revocation hearing not unreasonable); *cf. United States v. Ramos*, 401 F.3d 111, 118 (2d Cir. 2005) (17-month delay before revocation hearing not unreasonable under 18 U.S.C. § 3583(i) where delay was based in part on defendant's request, and where defendant was not prejudiced by the delay); *United States v. McLeod*, No. 21-2642, 2022 WL 17825535, at *3 (2d Cir. Dec. 21, 2022) (eight-month delay not unreasonable under 18 U.S.C. § 3583(i) where court was awaiting confirmation that related state charges had resolved before setting revocation hearing).

      Moreover, the requested hearing dates are based in part on defense counsel's availability. The Government is ready to proceed on the new specifications in the Amended Report as early as the first week of September, but defense counsel is not available until the week of September 18, 2023.

      Scheduling the revocation hearing for late September is also reasonable because the supervisee will not be prejudiced. The delay will not negatively affect his ability to defend himself; to the contrary, it will provide him with time to review relevant evidence and prepare his defense. *See Jetter*, 577 F. App'x at 7. Nor is he prejudiced by remaining in federal custody for the short duration of any delay, because in the absence of the supervised release proceedings he would be remanded to Maine state custody to face the state criminal charges. *Id.* at 7-8.

Honorable Lorna G. Schofield
August 8, 2023
Page 3 of 3

      The Government therefore requests that the Court schedule the revocation hearing for September 20, 21, 22, 25, or 26, 2023.

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

By:   /s/ _____
                                        William C. Kinder
                                        Brandon C. Thompson
                                        Assistant United States Attorneys
                                        (212) 637-2394/2444